# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 25, 2010

Charles R. Fulbruge III
Clerk

No. 09-10553
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHRISTOPHER JABARI GARD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:08-CR-67-1

Before BENAVIDES, PRADO and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Christopher Jabari Gard pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), § 924(a)(2). Gard appeals his within-guidelines sentence of 46 months, arguing that his sentence is procedurally unreasonable because the district court failed to consider U.S.S.G. § 5G1.3(b)(2), which instructs district courts to order sentences to run concurrently with undischarged state sentences; failed to use a concurrent

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence as a starting point; failed to acknowledge that it was imposing a variance; and failed to provide sufficient justification for imposing a variance.

During his sentencing, Gard asked the court to order that his sentence run concurrently with any sentence imposed in the state cases pending against him on related charges. However, Gard did not raise the arguments he raises here, namely, that the district court imposed his sentence without considering § 5G1.3(b)(2) and imposed a variance without sufficient justification. He also raised no objection after sentence was imposed. Accordingly, this court reviews his arguments for plain error. *See United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008)*; United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). To demonstrate plain error, Gard must show a forfeited error that is clear or obvious and affects his substantial rights. *See Mondragon-Santiago*, 546 F.3d at 361. If these conditions are met, this court may exercise its discretion to correct the error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted).

There is nothing in the record to indicate that Gard's sentence would have been different if the court had given consideration to § 5G1.3(b)(2) or had provided greater explanation for what Gard contends is a variance. *See id.* at 364-65. Gard has thus failed to demonstrate error affecting his substantial rights. In light of this conclusion, we do not reach the parties' threshold arguments regarding whether § 5G1.3(b)(2) applies to state sentences that have not been imposed.

Accordingly, we AFFIRM the district court's judgment.